PER CURIAM.
Wayne Castello, as personal representative of the Estate of Kristina Hepp (“Appellant”), filed a wrongful death suit against Partnership for Strong Families, Inc. (“PSF”), seeking damages for Kristina Hepp’s death at the hands of her father, Matthew Roland. PSF is the lead community-based provider of foster care and related services in several counties in Florida, under a contract with the Florida Department of Children and Families (“Department”). Kristina was adjudicated dependent on March 8, 2007, and remained so until January 9, 2008, when the dependency court terminated protective supervision and jurisdiction. From July 1, 2007, to January 9, 2008, PSF’s subcontractor, Devereaux Foundation (“Devereaux”), was responsible for providing case management services. The assigned case manager was Mary Simmons, a Devereaux employee.
In the wrongful death complaint, Appellant alleged that PSF and its agent or employee, Simmons, negligently failed to investigate Roland as part of their case management responsibilities, when they knew or should have known Roland was unfit to care for Kristina. The court below resolved the lawsuit by summary judgment in PSF’s favor, concluding that under section 409.1671(1)(h), Florida Statutes (2007), PSF is not liable in tort for the alleged negligence of its subcontractor’s employee. The court also determined, alternatively, that neither PSF nor Simmons owed Kristina a legal duty once the court terminated protective supervision,[1] and that the alleged negligence could not be the proximate cause of Kristina’s death because Roland’s acts were not foreseeable. Reviewing the lower court’s decision de novo,[2] we concur with its reading of *64 section 409.1671(1)(h), and affirm the summary judgment on that basis.
Section 409.1671(1)(a), Florida Statutes (2007), authorizes the Department to outsource provision of foster care and related services to community-based entities, like PSF, and sets forth the array of services, including case management, such entities are expected to provide. Subsection (1)(h) expressly provides, “The lead community-based provider shall, not be liable in tort for the acts or omissions of its subcontractors or the officers, agents, or employees of its subcontractors.” § 409.1671(1)(h), Fla. Stat. (2007). Here, the uncontrovert-ed evidence in the record established that Devereaux, PSF’s subcontractor, provided case management services in Kristina’s dependency case during the pertinent period, and that Simmons, the case manager, is Devereaux’s employee. Thus, under the plain and unambiguous language of section 409.1671(1)(h), PSF cannot be held liable for Simmons’ alleged negligence in performing her case management duties. See W. Florida Reg’l Med. Ctr., Inc. v. See, 79 So.3d 1, 9 (Fla.2012) (“If [statutory] language is clear and unambiguous and conveys a clear and definite meaning, this Court will apply that unequivocal meaning[.]”).
AFFIRMED.
CLARK, MARSTILLER, and SWANSON, JJ„ concur.

. When the dependency court adjudicated Kristina dependent in March 2007, her father's identity was unknown. The mother eventually named Roland as the putative father. Paternity testing confirmed Roland as Kristina’s biological father in late December 2007, and Simmons created a case plan for him. However, at the next scheduled judicial review hearing in January 2008, the dependency court determined-on the mother’s motion, and with the Department’s concurrence-that protective services no longer were needed. Accordingly, the court entered an order terminating protective supervision and jurisdiction, discharging the guardian ad litem and attorneys for the parents, leaving child support and visitation issues to be determined in the appropriate forum.

. See generally Dep't of Revenue v. Gen. Motors LLC, 104 So.3d 1191, 1194 (Fla. 1st DCA 2012).